## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNSON B. OGUNLANA,

Petitioner,

v.

J. GREENE, WARDEN,

Respondent.

No. 4:25-CV-00783

(Chief Judge Brann)

## MEMORANDUM OPINION

### NOVEMBER 21, 2025

Petitioner Johnson B. Ogunlana is currently confined at the Federal Correctional Institution, Allenwood Low (FCI Allenwood Low) in White Deer, Pennsylvania.  He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Ogunlana asks the Court to order the Federal Bureau of Prisons (BOP) to immediately consider him for transfer to prerelease custody under the Second Chance Act of 2007 (SCA).[1]  Because he has never properly presented his habeas claim to Respondent or the BOP, the Court will dismiss his Section 2241 petition without prejudice.

## I.    BACKGROUND

Ogunlana is currently serving a six-year sentence after pleading guilty to multiple fraud and identity-theft charges.[2]  He was sentenced on February 17,

---

[1]  Pub. L. No. 110-199, 122 Stat. 657 (2008).

[2]  *See United States v. Ogunlana*, No. 1:20-CR-285-CCB, Doc. 125 (D. Md. Feb. 17, 2022).

2022, in the United States District Court for the District of Maryland.[3]  His

projected release date, via the First Step Act, is May 5, 2026.[4]

In his original Section 2241 petition, Ogunlana raised arguments exclusively

based on the Residential Drug Abuse Program (RDAP).[5]  He alleged that he had

completed the unit-based treatment component of RDAP but that the BOP was

improperly refusing to transfer him to a halfway house for the community-based

treatment component required to finish the program.[6]

Respondent filed a thorough response to Ogunlana's habeas petition, noting

that Ogunlana had been found to be ineligible to complete the community-based

component of RDAP due to his immigration detainer and pending removal

proceedings that would follow his release from BOP custody.[7]  Respondent further

asserted that RDAP placement and its potential reduction in sentence were within

the exclusive discretion of the BOP and not subject to judicial review.[8]

Ogunlana then filed a reply brief (or "traverse"), in which he abandoned his

initial RDAP arguments and pivoted to an entirely different claim.[9]  In his traverse,

he contends—for the first time—that the BOP's refusal to consider him for transfer

---

[3]   *See id.*
[4]   *See* Doc. 11-4.
[5]   *See* Doc. 1 at 6-7; 18 U.S.C. § 3621(e); 28 C.F.R. § 550.53.
[6]   *See* Doc. 1 at 6-7; Doc. 2.
[7]   *See* Doc. 10 at 4-6.
[8]   *See id.* at 11-13 (citing *Suarez-Sanchez v. Lane*, No. 4:18-cv-1431, 2019 WL 1645231, at *4 (M.D. Pa. Mar 5, 2019) (quoting *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011))).
[9]   *See generally* Doc. 11.

to prerelease custody under the SCA because of his immigration detainer and participation in the Institution Hearing Program (IHP)[10] violates federal law and BOP policy.[11]  Because Ogunlana has failed to properly present his claim to Respondent or the BOP, the Court will dismiss his Section 2241 petition without prejudice to his right to properly assert his claim.

## II.    DISCUSSION

Upon review of Ogunlana's original Section 2241 petition, Respondent's answer, and Ogunlana's traverse, the Court finds that any new argument Ogunlana is attempting to raise in his traverse is waived.  Additionally, Ogunlana failed to administratively exhaust this claim with the BOP.  Ogunlana, therefore, has not provided Respondent or the BOP with an opportunity to consider and respond to this new claim.

### A.    Waiver

First, Ogunlana's claim regarding consideration for prerelease custody under the SCA is waived because it is entirely different than the claims asserted in his habeas petition.  Ogunlana did not raise this argument until his traverse, and thus he did not provide Respondent with the opportunity to review or respond to this

---

[10]   U.S. DEP'T OF JUSTICE, FED. BUREAU OF PRISONS, Program Statement 5111.04, Institution Hearing Program (May 23, 2017), https://www.bop.gov/policy/progstat/5111.04_cn1.pdf (last visited Nov. 17, 2025).

[11]   *See* Doc. 11 at 6-8.

novel claim.[12] Ogunlana's SCA-based claim, therefore "is not properly before" this Court.[13]

### B.    Administrative Exhaustion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[14] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[15]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[16] That process begins with an informal request to staff and progresses to formal review by the warden,

---

[12]    *See Battle v. Garza*, No. 1:23-CV-0289, 2023 WL 8373172, at *1 n. 2 (M.D. Pa. Dec. 4, 2023) (explaining that petitioner's claims "raised for the first time in a reply brief [] are waived"); *Rush v. Shartle*, Civ. No. 13-4788, 2015 WL 5567307, at *2 n.2 (D.N.J. Sept. 22, 2015); *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (finding that argument first presented in petitioner's "traverse rather than in his habeas petition . . . was not properly before the district court and the district court did not err in declining to address it") (collecting cases); *Ryan v. Hendricks*, Civ. No. 04–4447, 2014 WL 268578, at *3 n.4 (D.N.J. Jan. 23, 2014) (same); *cf. Hayes v. Silvers, Langsam & Weitzman, P.C.*, 441 F. Supp. 3d 62, 67 n.5 (E.D. Pa. 2020) (argument raised for the first time in reply brief for civil lawsuit is waived); *McLendon v. Continental Can Co.*, 908 F.2d 1171, 1183 (3d Cir. 1990) (argument raised for the first time in reply brief on appeal is waived).

[13]    *Tyler*, 416 F.3d at 504.

[14]    *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).

[15]    *Moscato*, 98 F.3d at 761-62 (citations omitted).

[16]    *See generally* 28 C.F.R. §§ 542.10-.19.

appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[17]  In challenges to disciplinary proceedings before a DHO, the normal administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[18]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[19]  Only in rare circumstances is exhaustion of administrative remedies not required.  For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[20]  Exhaustion is likewise excused when it would be futile.[21]  "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[22]

At this point in time, it appears that Ogunlana has administratively exhausted his RDAP-based claims.[23]  But he does not allege or establish that he

---

[17] *See id.* §§ 542.13-.15.

[18] *See id.* §§ 542.14(d)(2), 542.15.

[19] *See Moscato*, 98 F.3d at 761-62.

[20] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

[21] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

[22] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

[23] *See* Doc. 13 at 1 (alleging that he filed his final appeal to the General Counsel, the General Counsel sought an extension of time to respond, and the General Counsel has not timely responded to his appeal so it is considered denied); 28 C.F.R. § 542.18 ("If the inmate does not

ever raised his SCA-based claim to BOP administrators or exhausted this claim through the BOP's three-step administrative remedy process.

Ogunlana contends that "[e]xhaustion in this case should be excused as futile due to BOP policy that makes him categorically ineligible for placement in [p]re-release custody."[24]  But this single sentence falls far short of making a "clear and positive showing" of futility to excuse exhaustion.  Ogunlana has never given the BOP an opportunity to consider his SCA-based argument or the case law on which he relies.  Accordingly, his SCA-based claim is unexhausted and generally unreviewable because he never presented this claim to BOP officials.[25]

Ogunlana's waiver of his SCA-based claim and failure to administratively exhaust that claim are critical in this case.  Ogunlana admits that he received the statutorily mandated five-factor review under 18 U.S.C. § 3621(b).[26]  He maintains, nonetheless, that the BOP is categorically denying his transfer to prerelease custody under the SCA based on a "sixth factor" that does not appear in Section 3621(b): his immigration detainer and his participation in the IHP.[27]  As far

---

receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

24  Doc. 11 at 3.

25  *See Moscato*, 98 F.3d at 762; *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)).

26  *See* Doc. 11 at 7; Doc. 11-7.

27  *See* Doc. 11 at 7-8.

as the Court can discern, this claim has <u>never</u> been properly presented to Respondent or the BOP.

Ogunlana's failure to properly assert his claim is fatal to his Section 2241 petition. In *Al Haj v. LSCI-Allenwood Warden*, No. 1:24-CV-1193, 2025 WL 1115751 (M.D. Pa. Apr. 15, 2025) (Neary, J.)—a case on which Ogunlana relies[28]—the court held that the BOP's "categorical restriction on prerelease custody for inmates with immigration detainers violates Section 3621(b)."[29] The court further explained that such categorical restriction, even if grounded in BOP policy, "impermissibly ignore[s] the five factors that it must consider in making an individualized determination."[30] The *Al Haj* court subsequently ordered the BOP to "consider—in good faith" whether the petitioner should have his First Step Act[31] credits applied toward time in prerelease custody pursuant to the factors set forth in Section 3621(b).[32]

Additionally, the *Al Haj* court specifically noted that its grant of habeas corpus should not be construed as a holding that the BOP is barred from considering an inmate's immigration detainer when making the required individualized determination regarding whether to transfer an inmate to prerelease

---

[28] *See* Doc. 11 at 3.
[29] *Al Haj*, No. 1:24-CV-1193, 2025 WL 1115751, at *5.
[30] *Id.*
[31] Pub. L. 115-391, 132 Stat. 5194 (2018).
[32] *Id.*, at *5-6.

custody.[33]  As the *Al Haj* court explained, "The question whether the BOP may consider additional factors is separate and unrelated to the question whether it can ignore altogether the very factors delineated by Congress in the governing statute itself."[34]

Ogunlana's case is materially different from *Al Haj v. LSCI-Allenwood Warden* for multiple reasons, including the statute upon which Al Haj's claims were based.  The most critical distinction, however, is that unlike in *Al Haj*, there has been no opportunity for Respondent to express their position on Ogunlana's new argument or to perhaps take steps—on their own volition—to review Ogunlana's case and case law from federal district courts and circuit courts of appeal regarding good-faith consideration of transfer to prerelease custody under the SCA for inmates with immigration detainers.  Accordingly, this Court is unable to grant Ogunlana's Section 2241 petition or order the relief he requests.[35]

---

[33]  *Id.*, at *5 n.3.

[34]  *Id.* (quoting *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 247 (3d Cir. 2005)).

[35]  The Court observes that Ogunlana specifically requests that the BOP be ordered to consider his transfer to prerelease custody "in [g]ood faith" under the five factors set forth in Section 3621(b) and explicitly excluding his "immigration detainer or IHP participa[tion]."  Doc. 11 at 8.  This separate issue has not been appropriately raised, briefed, or otherwise litigated in any way, further demonstrating that Ogunlana has failed to properly present his SCA-based habeas claim to Respondent or the BOP.

III.    **CONCLUSION**

For the foregoing reasons, the Court will dismiss without prejudice

Ogunlana's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An

appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge